UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 14-1673 (RMC) |
| | ) |
| v. | ) |
| | ) |
| JANET L. YELLEN, CHAIR, FEDERAL RESERVE BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Edward Richardson has filed suit *pro se* against his former employer for a variety of constitutional torts, common-law torts, and statutory violations that he alleges occurred during his employment. Having previously amended his original complaint once, Mr. Richardson now moves to amend his complaint again, although the Court's deadline to do so has long passed. Mr. Richardson argues that he should be permitted to amend his complaint because he has learned new information that supports new claims, while Defendants argue that Mr. Richardson has not shown good cause to amend, as required by Rule 16 of the Federal Rules of Civil Procedure. Because Mr. Richardson has established neither that he acted diligently to amend his complaint nor that the proposed amendment would not prejudice Defendants, the Court finds that Mr. Richardson has not shown good cause. Accordingly, the Court will deny Mr. Richardson's motion without prejudice.

**I. BACKGROUND**

Because the question at bar is limited to whether Mr. Richardson may again amend his complaint, only a summary of the facts relevant to the motion to amend, and not a

1

summary of the entire case, is necessary here. Mr. Richardson, a *pro se* plaintiff, complains that his former employer, the Federal Reserve Board of Governors, and its chair, Janet Yellen (Defendant or the Board) committed against him a variety of torts and statutory violations while Mr. Richardson was employed as a law enforcement officer with the Board.

On June 4, 2010, the Board sent Mr. Richardson a letter informing him of his termination and detailing the reasons, which included "misconduct or negligence in prior employment." Letter to Edward Richardson [Dkt. 60-1]. The letter provided a brief description of the conduct alleged, which according to the letter was brought to light during a background investigation upon which Mr. Richardson's employment was conditioned. *Id.*

Mr. Richardson filed his initial complaint in this action on October 8, 2014, and subsequently amended his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure on March 20, 2015. *See* Compl. [Dkt. 1]; Am. Compl. [Dkt. 8]. As the litigation progressed, this Court issued a scheduling order on June 30, 2016 providing, among other deadlines, that "Plaintiff may amend its pleadings no later than July 15, 2016." Scheduling Order [Dkt. 48]. The Court also directed that "[t]his schedule shall not be modified, even where all parties consent, except upon motion demonstrating good cause and an order from the Court." *Id.* (citing Fed. R. Civ. P. 16(b); LCvR 16.4 (governing the Court's issuance of scheduling orders)).

The parties progressed to discovery, with an initial deadline of October 28, 2016. *See* Scheduling Order at 2. Discovery was extended twice, *see* 11/2/2016 Order [Dkt. 63]; 11/15/2016 Minute Order; and 3/30/2017 Order [Dkt. 105]. Discovery concluded on May 5, 2017. *See* 5/8/2017 Joint Status Report [Dkt. 110].

According to Mr. Richardson, at some point during discovery he obtained new information about three other employees: Shandra Love, Darren Harris, and Rocco Christoff.

2

Specifically, Mr. Richardson now asserts that he obtained new information establishing that these three former coworkers had all "possessed unfavorable employment backgrounds prior to employment with the Board," about which they allegedly lied to the Board. Pl.'s Mot. Leave Am. Compl. [Dkt. 107] at 2 (Mot.); Pl.'s Reply Support Mot. Leave Am. Compl. [Dkt. 116] at 2 (Reply). Messrs. Harris and Christoff are white, Ms. Love is a woman, and Mr. Richardson is an African-American man. *See* Ex. A, Mot. [Dkt. 107-1] at ¶¶ 180-81. Mr. Richardson contends that he did not learn of this information until "[d]uring the discovery period," Mot. at 2, when he says he was able to review documents including background questionnaires that brought to light "disciplinary actions in employment prior to [the three other employees'] employment with the Board." Reply at 2. Mr. Richardson does not provide the date or dates on which he received the background questionnaires.

However, on November 22, 2016, Mr. Richardson filed a Notice of Subpoena, in which he discussed various details from Mr. Christoff's and Ms. Love's employment histories (such as disciplinary actions), as well as Mr. Harris's "prior arrest record." Motion to Subpoena [Dkt. 69] at 1-2, 3 (Notice of Subpoena). The Board claims that Mr. Richardson obtained this information from "public documents and other information not obtained from the Board." Opp'n Pl.'s Mot. Leave Am. Compl. [Dkt. 111] at 3 (Opp'n).

On May 3, 2017, Mr. Richardson moved to amend his First Amended Complaint pursuant to Rule 15(a)(2). *See* Mot.; *see also* Fed. R. Civ. P. 15(a)(2) (providing that "[t]he court should freely give leave" to amend a complaint other than as a matter of course "when justice so requires"). Defendants opposed, arguing that Rule 16(b), which requires "good cause" to amend if a scheduling order deadline has passed, governs instead. *See* Opp'n. Mr. Richardson replied. *See* Reply. The motion is ripe for review.

## II. LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave" to amend a complaint other than as a matter of course "when justice so requires." Under this standard, a court may deny a motion to amend if it finds "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, as this Court has noted before, when a plaintiff "seeks leave to amend which deviates from a court-ordered deadline, the more stringent good cause standard imposed by Federal Rule of Civil Procedure 16(b) applies." *In re Papst Licensing GmbH & Co. KG Litig.*, 762 F. Supp. 2d 56, 59 (2011); *see also Lurie v. Mid-Atl. Permanente Med. Grp., P.C.*, 589 F. Supp. 2d 21, 23 (D.D.C. 2008) ("To hold otherwise would allow Rule 16's standards to be 'short circuited' by those of Rule 15 and would allow for parties to disregard scheduling orders, which would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'") (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)). Under Rule 16(b), a court may enter a scheduling order that limits the time to amend the pleadings and that such schedule may be modified only for good cause and with the judge's consent. To show good cause, the moving party must show both diligence and a lack of prejudice to the opposing parties. *See Papst*, 762 F. Supp. 2d at 59.

## III. ANALYSIS

In his motion for leave to amend, Mr. Richardson cites Rule 15(a)(2), under which the Court's leave to amend a complaint should be "freely given." *See* Mot. at 1; Fed. R. Civ. P. 15(a)(2). Because the Court's Scheduling Order set a deadline of July 15, 2016 for any amendments to Mr. Richardson's pleadings, the Rule 16(b) "good cause" standard applies

instead. *See Papst*, 762 F. Supp. 2d at 59. Therefore, the Court must determine whether Mr. Richardson has shown diligence and there is no prejudice to Defendants. *See id.*[1] It finds that neither has been shown and the motion to amend must be denied. Because this conclusion is based primarily on a lack of evidence, and because Mr. Richardson is acting *pro se* and misperceived the relevant Rule of Civil Procedure and standard, as discussed below, the dismissal will be without prejudice.

   **A. Diligence**

The determination of whether Mr. Richardson has shown good cause to amend his complaint turns on whether he has established that he acted with adequate diligence. *See, e.g.*, *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 144 (D.D.C. 2013) ("The primary factor in determining whether good cause exists is the diligence of the party."). Thus, "the Court's inquiry must focus on the reasons the [moving party] has given for his delay instead of the substance of the proposed amendment." *Headfirst Baseball LLC v. Ellwood*, 206 F. Supp. 3d 148, 154 (D.D.C. 2016) (quoting *Lurie*, 589 F. Supp. 2d at 23).

Mr. Richardson seeks to amend his complaint because he learned information during discovery that supports new Title VII claims. *See* Mot. at 2. Mr. Richardson asserts that Ms. Love, Mr. Christoff, and Mr. Harris "possessed unfavorable employment backgrounds prior to employment with the Board," specifically that they had all departed previous jobs under "unfavorable circumstances," about which they allegedly lied to the Board. *Id.* at 2, 34-35; Reply

---

[1] Although Mr. Richardson's motion for leave to amend argued under the Rule 15 standard, he had the opportunity to respond to Defendants' arguments, including their threshold argument that Rule 16 governs, in his Reply. Mr. Richardson's Reply continues to claim that Rule 15 applies to his proposed new claims, and also suggests that Rule 18, governing joinder of claims, governs his motion. *See* Reply at 1. He does not squarely refute the Board's argument that Rule 16 applies, and the Court finds that it undoubtedly does, and that Mr. Richardson had sufficient opportunity to establish good cause in his Reply.

at 2. Mr. Richardson contends that he was recommended for termination based on analogous conduct, while his white and female coworkers were not, and that the discrepancy supports an inference of discrimination on the basis of race and sex. *See* Reply at 2. Thus he argues that he should be entitled to amend his complaint to add new claims that were brought to light by this new evidence. *See* Mot. at 2.

Defendants counter that Mr. Richardson was not diligent in investigating these facts earlier, or in amending his complaint without delay. They argue that he could have obtained the relevant information earlier, and point to references to the other employees' employment histories in Mr. Richardson's own Notice of Subpoena, "in which he discusses various public documents and other information not obtained from the Board." Opp'n at 3. Defendants also argue that Mr. Richardson has known since 2010 that the Board terminated his employment "in part because of his prior employment problems," so that he was in a position for several years to investigate whether other employees had similar issues. *Id.* According to this argument, Defendants contend, Mr. Richardson could have learned of other employees' backgrounds and compared them to his own long before filing his motion to amend, and before discovery. *See id.*

If Mr. Richardson could not have known material information until shortly before moving to amend his complaint, he would present a compelling argument that he had acted with diligence. *See, e.g.*, *A Love of Food*, 292 F.R.D. at 144 (suggesting that "a change in law or newly discovered evidence" could establish good cause under Rule 16). However, having reviewed the parties' pleadings and exhibits on this question, the Court agrees with Defendants that Mr. Richardson could have raised this issue earlier but failed to do so. To wit, Mr. Richardson's Notice of Subpoena, filed with the Court more than five months before Mr. Richardson's motion for leave to amend, describes disciplinary actions and other issues related to

prior employment of both Ms. Love and Mr. Christoff, as well as Mr. Harris's "prior arrest record." *See* Notice of Subpoena at 1-2, 3. Mr. Richardson could have used such information to investigate whether there was additional evidence to support the Title VII claims he now seeks to add.

As the moving party, Mr. Richardson bears the burden of establishing that he acted with diligence. The Court finds that he has not supplied sufficient information to support good cause. Notably, he claims that the other employees' "background questionnaires and background investigation results" were not available to him until discovery, but he does not provide sufficient information to establish that he acted with diligence, such as the date that he received the information, or why the information was essential to his ability to bring the new claims. Reply at 2. Without additional evidence that Mr. Richardson acted diligently, in the face of the Board's persuasive arguments that he did not, the Court does not find good cause to allow Mr. Richardson to amend his complaint so long after the deadline established in the Scheduling Order.

### B. Prejudice

Separate from, and in addition to, establishing diligence, good cause under Rule 16 requires that the opposing party will not be prejudiced by an amendment to the pleadings. Even where the moving party has acted diligently, a motion to amend can fail if the other party will suffer prejudice. *See, e.g., Wallace v. AlliedBarton Sec. Serv., LLC*, 309 F.R.D. 49, 52-53 (D.D.C. 2015) (denying a motion for leave to file an amended complaint under Rule 16 where, although the moving party had acted promptly and diligently, the court found that the other party would suffer prejudice).

Mr. Richardson argues that permitting him to add new claims to his complaint

7

would not require an extension of discovery or prejudice Defendants. First, Mr. Richardson asserts that he has "only made minor alterations," but the argument fails. Mot. at 2. By his own description he seeks to add new claims of sex- and race-based discrimination under a new legal basis, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. *See* Mot. at 2. Mr. Richardson argues that the Board already "engaged in discovery on Plaintiff's new claims," because Mr. Richardson was asked "about his new claims" during his deposition on May 4, 2017. Reply at 3. Defendants counter that Mr. Richardson was deposed the day after he had filed his motion for leave to amend and the day before the close of discovery, *i.e.*, May 5, 2017. In the Court's estimation, one day is not sufficient time to engage in discovery of information related to new claims. The Board would be prejudiced if it were denied the opportunity to "obtain information and testimony" on the proposed new claims. Opp'n at 4.[2]

Mr. Richardson further argues that Defendants would not suffer prejudice because the Board should have disclosed the relevant facts in its Rule 26 initial disclosure. *See* Reply at 3. Without more evidence, the Court cannot agree. Mr. Richardson has not provided sufficient information to demonstrate that the Board failed to provide him with evidence to which he was entitled. Moreover, as discussed above, Mr. Richardson's prior filings in this action strongly suggest that he already possessed information relevant to his proposed new claims. The Court finds that Mr. Richardson has failed to establish that the Board would not suffer prejudice if the proposed Second Amended Complaint were filed.

---

[2] The Board has asked the Court, if it grants the motion, to require Mr. Richardson to produce documents, answer interrogatories, and sit for a supplemental deposition to address the new claims. *See* Opp'n at 4.

## IV. CONCLUSION

For the foregoing reasons, Mr. Richardson's Motion for Leave to Amend Complaint [Dkt. 107] will be denied without prejudice. A memorializing Order accompanies this Opinion.

Date: January 26, 2018

/s/
ROSEMARY M. COLLYER
United States District Judge